UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY ⎯⎯⎯ D.C.
C.A.W.
JUL 30 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - KEY WEST

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                  Case No. 4:23-CR-10015-MARTIN

VASIL KHATIASHVILI,

        Defendant.  /
_____/

    Defendant Vasil Khatiashvili moving pro se, seeks a sentence reduction pursuant to the recent retroactive United States Sentencing Commission's ("the Commission") Amendment 821, Part B. Based on the facts and the merits of the argument, he is eligible for consideration and the Court should find it appropriate to reduce his sentence to 30 months accordingly.

I:   BRIEF FACTUAL BACKGROUND

    On April 22, 2024, Mr. Khatiashvili was sentenced for violations of 18 U.S.C. §§ 286 & 371, Fraud and 18 U.S.C. § 371 Conspiracy Against the United States (CT 1). The Court sentenced Mr. Khatiashvili to a term of imprisonment of 38 months followed by 3 years of supervised release and ordered restitution in the amount of $1,836,960.68. See Exhibit A, pp. 5-6. At the time, his criminal history scoring was category I based on zero points. Mr. Khatiashvili is currently scheduled for release on December 31, 2026. Id. at p.1

-1-

## II: LEGAL STANDARD

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statue. Modification is permitted by § 3582 when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)...the court may reduce in § 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements in section 1B1.10 issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

> "[T]he applicable policy statement is section 1B1.10 of the United States Sentencing Commission (the "Guidelines"), which designates the amendments to the Guidelines that may be applied retroactively. United States v. Reed, U.S. App. LEXIS 23036, at *8 (2d Cir. 2021)(citing United States v. Dillon, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) ("[A] court's power under § 3582...depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive." see also Id. at 2693 (describing the Sentencing Commission's retroactivity determination made pursuant to 18 U.S.C. § 994(u) as "binding.").

Further, the prisoner must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Commission. Id. In determining whether a reduction is consistent with U.S.S.G. § 1B1.10, the Court first calculates "by what amount" a prisoner's sentence "may be reduced." See 28 U.S.C. 4 994(u); see also Dillon 560 U.S. at 826-27. In doing so, it identifies the amended guidelines range and it substitutes this Guidelines range for the original guidelines range. Id. at 827; U.S.S.G. § 1B1.10(b)(1). A prisoner generally is not entitled to receive

-2-

a reduction below the minimum of the amended guidelines range. See U.S.S.G. § 1B1.10(b)(2)(A).

If a reduction is consistent with U.S.S.G. § 1B1.10, the Court must shift its attention to any applicable factors under 18 U.S.C § 3553(a) to determine whether a reduction is warranted under the particular circumstances of the case. <u>Dillon</u>, 560 U.S. at 827; <u>United States v. Erskine</u>, 717 F. 3d 131, 137 (2d Cir. 2013).

### III: EFFECT OF AMENDMENT 821

The Commission created a new "Adjustment for Certain Zero-Point Offenders" category under § 4C1.1 on April 1, 2023. See Amendment 821, Part B. The new § 4C1.1 category was made retroactive on August 28, 2023 with an effective date of February 1, 2024. See 28 U.S.C. § 994(o).

The amended Guidelines provides a two-level reduction in the defendant's offense level calculas "[i]f the defendant meets all of the following criteria:

1. Defendant did not received any criminal history points;
2. No adjustment under § 3A1.4 (Terrorism);
3. Did not use violence or credible threats of violence;
4. Did not result in death or serious bodily injury;
5. Was not a sex offense;
6. Did not personally cause substantial financial hardship;
7. Did not possess...a firearm or other dangerous weapon;
8. Was not enhanced under § 2H1.1 (Civil Rights);
9. Defendant did not receive an adjustment under §§3A1.1,5; and
10. The defendant did not receive an adjustment under §3B1.1 (Aggravating Role) - and - was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. §848, decrease the offense level determined under CChapter Two and Three by 2 levels.

See U.S.S.G. §4C1.1(a)-(10)

## III: ANALYSIS

Mr. Khatiashvili requests a sentence reduction based on the Commission's retroactive changes to the Sentencing Guidelines with the creation of a new criminal history category for offenders with "zero criminal history points." See U.S.S.G. App. C, amend. 821. The Defendant, has zero criminal history points. See PSR.

Under §3582(c)(2), a district court may reduce a defendant's prison term after it considers the relevant §3553(a) factors, if his sentenc- range lowered by a retroactive amendment to the Guidelines and "[a] reduction is consistent with applicable policy statements in the Guidelines. See 18 U.S.C. §3582(c); United States v. Castro, 2023 U.S. App. LEXIS 6289 at *4 (11th Cir. Mar. 16, 2023); United States v. Armstrong, 347 F. 3d 905, 907 (11th Cir. 2003).

Mr. Khatiashvili offense level at the time of sentencing was level 21, and with the application of Amendment 821, the resulting offense level is 19. With an offense level of 19, category I, the resulting sentencing range is from 30 to 37 months. See U.S.S.G. Chapter 5, Part A (Sentencing Table).

Under the policy statement, a defendant is eligible for a reduction if a retroactively application of the amendment to the Guidelines Manual is listed in subsection (d). U.S.S.G. §1B1.10(d) (Covered Amendments).

Here, Amendment 821 is listed in subsection (d) of the sentencing Guidelines Manual. Thus, he is eligible for the Court to exercise its discretion and reduce his current sentence because of the retroactive Amendment has "[t]he effect of lowering [his] applicable

-4-

Guideline range. U.S.S.G. §1B1.10(a)(1)-(2),

Certainly, a proceedings under § 3582(c)(2) "[d]oes not constiute a full sentencing of the defendant." U.S.S.G. §1B1.10(a)(3). The purpose of § 3582(c)(2) is to give a defendant an opportunity "[t]o receive the same sentence he would have received if the Guidelines that applied at the time of sentencing had been the same as the Guidelines that applied after the amendment." United States v. Glover, 686 F. 3d 1203, 1206 (11th Cir. 2012). The new "zero points" offense level category, his offense level would have been 19 versus level 21 at the time of the original sentencing proceedings.

The United States might claim that Mr. Khatiashvili is not eligible but the central issue surrounds the relevant textual construction of the new Sentencing Guidelines § 4C1.1(a) which provides certain "zero point offenders" like the defendant in this case, with a two-level reduction in their offense level. U.S.S.G. § 4C1.1(a). The two-level reduction applies if a defendant meets all the following:

(1). the defendant did not receive any criminal history points under Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the instant offense of conviction;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

-5-

>    (6)  the defendant did not personally cause substantial financial hardship;
>
>    (7)  the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
>    (8)  the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>
>    (9)  the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); **and**
>
>    (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) "**and**" was not engaged in a continuing criminal enterprise, as defined in 28 U.S.C. § 848;
>
>    decrease the offense level determined under Chapter Two and Three by 2 levels.

U.S.S.G. §4C1.1(a)(emphasis and underline added); <u>United States v. Zuluaga</u>, 2023 U.S. Dist. LEXIS 214955, at *5-6 (S.D. Fla, Dec. 4, 2023).

Relevant to the United States' opposition is the downward adjustment applies "[i]f the defendant meets all the criteria" of the bulleted list. In particular, the last item on the list requires that: "[t]he defenant did not receive an adjustment under §3B1.1 (a Leadership role) '<u>and</u>' was not engaged in a continuring criminal enterprise, <u>as defined in 21 U.S.C. §848.</u>" U.S.S.G. §4C1.1(a)(10) (emphasis and underline added).

As it relates to the ten (10) criteria, each begin with a bullet-point and each bullet-point ends with a semi-colon [;] with the period located after "2 levels." Each item or criteria addresses a particular element of forbidden criminal behavior.

The word "and" first appears at the end of number nine (9) and

-6-

is used in a "conjunctive sense." "And" means "along with or together with." And Webster Third New Int'l Dictionary (1993). Thus, when "and" is used to connect a list of requirements, the word ordinarily has a "conjunctive" sense, meaning that all the requirements must be met. See United States v. Palomar-Santiago, 1415 S. Ct. 1615, 1620-21, 209 L. Ed. 2d 203 (2021).

Here, the common sense application of the word "and" is used "outside" the list of requirments in an effort to connect each one with the others.

Whereas, the word "and" is also used within the tenth (10th) criteria is a conjunction between the requirement that the defendant was enhanced as a leader "and" engaged in a "DRUG" type violation, as defined in 21 U.S.C. § 848.

Therefore, the plain text of this provision makes very clear that a person must receive both an adjustment under § 3B1.1 "and" have engaged in a continuing criminal enterprise under §848 to be disqualified from a "zero-point offender" reduction.

Had the Sentencing Commission meant to exclude people with either an aggravating role "or" those engaged in a continuing criminal enterprise, it would have written "or." In fact, the Commission did use the term "or" in the preceding subsection, where it made it a reqirement that "[t]he defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) 'or' §3A1.5 (Serious Human Rights Offense)" U.S.S.G. § 4C1.1(a)(9))emphasis and underline added).

The Commission also could have listed the two exclusions separately,

-7-

as it did in exclusions (2) through (8) in §4C1.1. The fact that the language at issue is "one" exclusion - not two - among a list of ten, is clear evidence of the Commission's intent: it could have made the list of exclusions eleven, requiring that defendants who were either part of a continuing criminal enterprise or received an aggravating role adjustment were excluded from eligibility. But the Commission clearly did not do that.

The Court cannot speculate that the Commission did not intent for courts to apply a plain reading subsection (a)(10). The Commission did not pen an application note for § 4C1.1, so there exists no evidence - beyond the text of the guideline of course - that the Commission's use of the word "and" subsection (a)(10) was actually meant to convey "or". In the end, "[t]he Court may not replace the actual text with speculation as to [the Commission's] intent. Rather, the Court will presume more modestly that the [Commission] says what it means and means what it says." Oklahoma v. Castro-Huerta, 142 S. Ct. 2486, 2496 (2022)(cleaned up); see United States v. Fulford, 662 F. 3d 1174, 1177 (11th Cir. 2011) ("[W]e presume that the Sentencing Commission said what it meant and meant what it said."); Bostock v. Clayton County, 140 S. Ct. 1731, 1754 (2020)("[J]udges are not free to overlook plain statutory commands on the strength of nothing more than suppositions about intentions or guesswork about expectations."); see also Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Text 57 (Thomson/West 2012)(arguing that to permit the alleged purpose of a statute to override its clear text "is to provide the judge's answer rather that the text's answer to the question.").

Also, even it the text is ambiguous - and it is not - the rule of lenity supports reading it in favor of criminal defendants. See United States v. R.L.C., 503 U.S. 291, 293, 305 (1992)(explaining more lenient interpretation should prevail because of "the instinctive distaste against men languishing in prison unless the lawmaker has clearly said they should."). "Lenity works to enforce the fair notice requirement by ensuring that an individual's liberty always prevails over ambiguous laws." Wooden v. United States, 142 S. Ct. 1063, 1082 (2022)(Gorsuch, J., concurring). If this Court exhausts all tools of textual construction and can do no better that guess about whether "and" means "and," then the conclusion must be that it does as it relates to § 4C1.1(a)(10). Muscarello v. United States, 524 U.S. 125, 138 (1998).

Finally, an another example, Application Note 6 of § 5C1.2, which provides:

> Engaged in a continuing criminal enterprise," as used in subdivision (4), is defined in 21 U.S.C. § 848(c). As a practical matter, it should not be necessary to apply this prong of subdivision (4) because (i) this section does not apply to a conviction under 21 U.S.C. § 848, and (ii) any defendant who "engaged in a continuing criminal enterprise," but is convicted of an offense to which this section applies will be a "leader, organizer, manager, or supervisor of others in the offense.

There is not such application note for § 4C1.1, despite nearly identical language. This truly reflects the different goals in promulgating 4C1.1 as opposed to the safety value provisions. It also offers yet another indication that the Sentencing Commission's use of the word "and" within the exclusion listed at § 4C1.1(a)(10), was intentional.

-9-

Although the defendant did received an adjustment under §3B1.1 (Aggravating Role), it is essential to clarify that he was **not** engaged in a continuing criminal enterprise as defined in 21 U.S.C. §848. This distinction is well-supported by pertinent case law; for example, United States v. Smith, 832 F. 2d 1167 (11th Cir. 1987). Where, the Eleventh Circuit underscored the necessity of accurately assessing a defendant's level of culpability and cautioned against conflating an aggravating role within a single offense with participation in a continuing criminal enterprise.

In this case, the Court is aware that the Government had filed a motion supporting a sentence reduction at the time of sentencing. See Sent. Tr. at 4:14. The Court varied to offense level 20, and criminal history category I rendering a middle of the guidelines range sentence of 38 months. Id. With the Government's filing, §3582(c)(2) permits the courts to reduce further a defendant's sentence to the new lowered guidelines range. See §3582(c)(2); see also U.S.S.G. §5K1.1. United States v. Colon, 707 F. 3d 1255, 1259 (11th Cir. 2013); United States v. Gonzalez-Murillo, 852 F. 3d 1329, 1335-36 (11th Cir. 2017).

Mr. Khatiashvili may benefit, the district court is also authorized in exercising "[i]ts sole discretion to decide whether, in consideration of the § 3553(a) factors, to reduce the sentence and if so, by how much." United States v. Gonzalez-Murillo, 852 F. 3d 1329, 1334 (11th Cir. 2017). At this second step, the Court "[m]ust consider the sentencing factors, and may consider the defendant's post-sentencing conduct." United States v. Williams, 557 F. 3d 1254, 1265 (11th Cir. 2009).

In considering both the public safety factors and his post-sentencing conduct, the attached Exhibit A (BOP Program Review) truly supports a reduction to the low-end of the amended offense level of criminal history category I. In other words, a reduction to ___ months in this case. First, there are no disciplinary infractions and there is no detainer. He is currently employed at the BOP's Camp Recreation, as the lead clerk. He also has been programming within the BOP's recidivism reduction programs and has completed over six programs. See Exhibit A, p.1.

In addition, the Bureau of Prisons has determined he is a "minimum" risk of recidivism pursuant to the recent First Step Act's PATTERN scoring. Id. at p.4. The Bureau has also classified him to serve the remainer of his sentence at an "out-no fence-custody" facility at FCC Coleman Camp. These factors support the § 3553(a) factors for a sentence reduction.

## V: CONCLUSION

The Defendant is this case was enhanced under § 3B1.1, but, was not charged or convicted under any provisions of 21 U.S.C. §848. Thus, he is eligible for the Court's consideration to reduce the sentence to 30 months or any other relief the Court finds appropriate.

Respectfully submitted on this the 25th of July, 2024 by and for

Vasil Khatiashvili, pro se
Reg. No. 80967-510
FCI Coleman Camp
P.O. BOx 1027
Coleman, FL 33521-1027

## CERTIFICATE OF SERVICE

I, Vasil Khatiashvili, hereby certify that a true and correct copy of the above styled motion has been served on the AUSA on this the ___ day of July, 2024 by U.S. first-class Mail postage attached.

_____
Vasil Khatiashvili



| | | |
|---|---|---|
| **Individualized Needs Plan - Initial Classification   (Inmate Copy)** | | **SEQUENCE: 02375539** |
| Dept. of Justice / Federal Bureau of Prisons | | **Team Date: 06-12-2024** |
| Plan is for inmate: KHATIASHVILI, VASIL  80967-510 | | |

| | | | |
|---|---|---|---|
| Facility: | COL  COLEMAN LOW FCI | Proj. Rel. Date: | 12-31-2026 |
| Name: | KHATIASHVILI, VASIL | Proj. Rel. Mthd: | GOOD CONDUCT TIME |
| Register No.: | **80967-510** | DNA Status: | COL07210 / 05-22-2024 |
| Age: | 49 | | |
| Date of Birth: | 01-31-1975 | | |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| NO DETAINER | |

### Inmate Photo ID Status

No photo ID - Expiration: null

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| COL | C REC | CAMP RECREATION | 06-05-2024 |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| COL | GED EN | ENROLL GED NON-PROMOTABLE | 05-23-2024 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| NO COURSES | | | | |

### Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|
| ** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ** | |

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1-MH | CARE1-MENTAL HEALTH | 05-07-2024 |
| CARE2 | STABLE, CHRONIC CARE | 05-28-2024 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 05-28-2024 |
| YES F/S | CLEARED FOR FOOD SERVICE | 05-28-2024 |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| DAP REFER | DRUG ABUSE PROGRAM REFER | 05-07-2024 |
| ED NONE | DRUG EDUCATION NONE | 06-13-2024 |
| NR WAIT | NRES DRUG TMT WAITING | 05-07-2024 |

### FRP Payment Plan

Most Recent Payment Plan

| | | | |
|---|---|---|---|
| **FRP Assignment:** | **PART**      FINANC RESP-PARTICIPATES | | **Start: 06-13-2024** |
| Inmate Decision: | **AGREED**     $25.00 | Frequency: | **MONTHLY** |
| Payments past 6 months: | $0.00 | Obligation Balance: | **$1,845,235.78** |

#### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $100.00 | $100.00 | IMMEDIATE | AGREED |
| | ** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ** | | | | |
| 2 | REST FV | $1,845,135.78 | $1,845,135.78 | IMMEDIATE | AGREED |
| | ** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ** | | | | |

EXHIBIT A, p.1

### FRP Deposits



| Individualized Needs Plan - Initial Classification   (Inmate Copy) | | SEQUENCE: 02375539 |
|---|---|---|
| Dept. of Justice / Federal Bureau of Prisons | | Team Date: 06-12-2024 |
| Plan is for inmate: KHATIASHVILI, VASIL  80967-510 | | |

Trust Fund Deposits - Past 6 months:   $ N/A      Payments commensurate ?   N/A

New Payment Plan:   ** No data **

### Current FSA Assignments

| Assignment | Description | Start |
|---|---|---|
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 06-13-2024 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 06-27-2024 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 06-27-2024 |
| N-COGNTV N | NEED - COGNITIONS NO | 06-27-2024 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-23-2024 |
| N-EDUC Y | NEED - EDUCATION YES | 06-27-2024 |
| N-FIN PV Y | NEED - FINANCE/POVERTY YES | 06-27-2024 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 06-27-2024 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 06-27-2024 |
| N-MEDICL Y | NEED - MEDICAL YES | 06-27-2024 |
| N-RLF Y | NEED - REC/LEISURE/FITNESS YES | 06-27-2024 |
| N-SUB AB N | NEED - SUBSTANCE ABUSE NO | 06-27-2024 |
| N-TRAUMA N | NEED - TRAUMA NO | 06-27-2024 |
| N-WORK Y | NEED - WORK YES | 06-27-2024 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 06-27-2024 |

### Progress since last review

Initial
Inmate KHATIASHVILI arrived at FCC Coleman CAMP on 05-22-2024. He is looking forward to participate on our re-entry and educational programs. The goal is to implement programs such as education, psychology, and recreation.  We will need to practice safety measures to ensure the continuation of a safe and healthy institution.
Risk Recidivism Reviewed
Yes X  No

FSA Eligibility Reviewed
Yes X  No

Recommended closer facility to inmate family
Yes_x_ No __

PREA Factor Reviewed

Yes_x_ No __

Counseled to make FRP payments.
Yes X  No
Unit Team will make programming recommendation upon availability, based on your risk assessment and input from Psychology, Health Services and Education. The need areas are: ANGER/HOSTILITY , ANTISOCIAL PEERS, COGNITIONS, DYSLEXIA, EDUCATION, FINANCE/POVERTY, FAMILY/PARENTING, MENTAL HEALTH, MEDICAL, REC/LEISURE/FITNESS, SUBSTANCE ABUSE, TRAUMA and WORK.
 Please log in in your computer, fill out the FSA Inmate Survey, and make sure to answer all questions with a Yes or No. If you leave question blank, your response will be reflected as a Refuse.   If you are eligible FSA FTC credit but your survey reflects a Refuse (R), you will not get any FTC credit.

### Next Program Review Goals

MESURABLE SHORT GOALS- BY 12- 2024
Enroll into:
Education-GED (if necessary)
Education- GED-English as Second Language Programs
FSA PROGRAMS
7 Habits of Highly Effective People
ACE Classes (CDL PREP, Commercial Realty, Credit Management)
Drug Education
Parenting Program
Life Connections
Brave
Challenge
Skills
Residential or Non Residential
Stages
Step Down
Re-entry
UNICOR (Work Program)

EXHIBIT A, p.2



**Individualized Needs Plan - Initial Classification   (Inmate Copy)**   SEQUENCE: 02375539
Dept. of Justice / Federal Bureau of Prisons                                Team Date: 06-12-2024
Plan is for inmate: KHATIASHVILI, VASIL  80967-510

### Long Term Goals

MESURABLE LONG GOALS- BY 1-2026
ESTABLISH AND MAINTAIN STRONG FAMILY AND COMMUNITY TIES THROUGH VISITATION, CORRESPONDENCE AND TELEPHONE CALLS THROUGHOUT YOUR INCARCERATION. PREPARE MONEY SAVING PLAN FOR RELEASE, GOAL $500. Establish a Permanent Residence.

EDUCATION PROGRAMS
GED Completion (If applicable)
Resume
REENTRY PROGRAMS
MOCK JOB FAIR.
RECREATION PROGRAMS
RPP PROGRAMS
VT PROGRAMS
CUSTODIAL MAINTENANCE VT
Threshold
(PA#1) Walk with Ease
A Healthier Me in the BOP
OBTAIN YOUR SS CARD, DRIVER LIC. AND BIRTH CERTIFICATE FOR RETENTION IN YOUR CENTRAL FILE.

### RRC/HC Placement

Recommended Placement in a range between 151-180 days.
Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources
- Offense
- Prisoner
- Court Statement
- Sentencing Commission

### Comments

FSA/ FTC Eligible
No Computation 6-26-2024

EXHIBIT A, p.3

**FSA Recidivism Risk Assessment (PATTERN 01.03.00)**

Register Number:80967-510, Last Name:KHATIASHVILI

| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |
|---|---|

```
Register Number: 80967-510              Risk Level Inmate....: R-LW
Inmate Name                                General Level......: R-LW (7)
   Last.........: KHATIASHVILI             Violent Level......: R-MIN (4)
   First........: VASIL                Security Level Inmate: MINIMUM
   Middle.......:                      Security Level Facl..: MINIMUM
   Suffix.......:                      Responsible Facility.: COL
Gender..........: MALE                 Start Incarceration..: 04/22/2024
```

**PATTERN Worksheet Details**

Item: Programs Completed, Value: 0
General Score: 0, Violent Score: 0
Risk Item Data
  No Data

---

Item: Work Programs, Value: 0
General Score: 0, Violent Score: 0
Risk Item Data
  No Data

EXHIBIT A, p.4

Assessment Date: 06/27/2024      (1)      Assessment# R-2146284213

```
   COLER  540*23 *           SENTENCE MONITORING         *    07-02-2024
   PAGE 002        *           COMPUTATION DATA          *    17:12:14
                                AS OF 07-02-2024

  REGNO..: 80967-510 NAME: KHATIASHVILI, VASIL


 -------------------------CURRENT OBLIGATION NO: 010 -------------------------
  OFFENSE CODE....:  153     18:286,371 FRAUD, OTHER
  OFF/CHG: 18:371/CONSPIRACY AGAINST THE UNITED STATES CT1

   SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:     38 MONTHS
   TERM OF SUPERVISION............:      3 YEARS
   DATE OF OFFENSE................: 01-30-2021

 -------------------------CURRENT COMPUTATION NO: 010 ------------------------

  COMPUTATION 010 WAS LAST UPDATED ON 06-26-2024 AT DSC AUTOMATICALLY
  COMPUTATION CERTIFIED ON 06-27-2024 BY DESIG/SENTENCE COMPUTATION CTR

  THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
  CURRENT COMPUTATION 010: 010 010

  DATE COMPUTATION BEGAN..........: 04-22-2024
  TOTAL TERM IN EFFECT............:     38 MONTHS
  TOTAL TERM IN EFFECT CONVERTED..:      3 YEARS      2 MONTHS
  EARLIEST DATE OF OFFENSE........: 01-30-2021

  JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                       10-05-2023    10-05-2023

  TOTAL PRIOR CREDIT TIME.........: 1
  TOTAL INOPERATIVE TIME..........: 0
  TOTAL GCT EARNED AND PROJECTED..: 171
  TOTAL GCT EARNED................: 0
  STATUTORY RELEASE DATE PROJECTED: 12-31-2026
  ELDERLY OFFENDER TWO THIRDS DATE: 05-31-2026
  EXPIRATION FULL TERM DATE.......: 06-20-2027
  TIME SERVED.....................:      2 MONTHS    12 DAYS
  PERCENTAGE OF FULL TERM SERVED..:    6.3
  PERCENT OF STATUTORY TERM SERVED:    7.4




  G0002         MORE PAGES TO FOLLOW . . .
```

EXHIBIT A, p.5

```
   COLER  540*23 *         SENTENCE MONITORING        *    07-02-2024
   PAGE 001        *         COMPUTATION DATA         *    17:12:14
                              AS OF 07-02-2024

REGNO..: 80967-510 NAME: KHATIASHVILI, VASIL


FBI NO...........: 14914HC2              DATE OF BIRTH: 01-31-1975  AGE:   49
ARS1.............: COL/A-DES
UNIT.............: 4 SCP                 QUARTERS.....: F14-418U
DETAINERS........: NO                    NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 08-29-2026

FINAL STATUTORY RELEASE FOR INMATE.: 12-31-2026 VIA GCT REL
          WITH APPLIED FSA CREDITS.:   10   DAYS
THE INMATE IS PROJECTED FOR RELEASE: 12-21-2026 VIA FSA REL


----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: FLORIDA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 4:23-CR-10015-MARTIN
JUDGE...........................: MARTINEZ
DATE SENTENCED/PROBATION IMPOSED: 04-22-2024
DATE COMMITTED..................: 05-22-2024
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                   FELONY ASSESS    MISDMNR ASSESS    FINES           COSTS
NON-COMMITTED.:    $100.00          $00.00            $00.00          $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO        AMOUNT:  $1,836,960.68

 REMARKS.......: 4:23-CR-10015-MARTINEZ




G0002         MORE PAGES TO FOLLOW . . .
```

EXHIBIT A, p.6

| | | |
|---|---|---|
| 38. | **Adjustment for Role in the Offense:** The defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive; therefore, three levels are added, § 3B1.1(b). | **+3** |
| 39. | **Adjustment for Obstruction of Justice:** None | **0** |
| 40. | **Adjusted Offense Level (Subtotal):** | **29** |

### Group Two: Inducing Aliens

| | | |
|---|---|---|
| 41. | **Base Offense Level:** The guideline for a violation of 18 U.S.C. § 371 offense is found in § 2X1.1, of the Guidelines Manual by way of § 2L1.1. That section provides for an offense involving alien smuggling has a base offense level of 12, pursuant to § 2L1.1(a)(3). | **12** |
| 42. | **Specific Offense Characteristics:** Because the offense involved the smuggling, or harboring more than 100 unlawful aliens, the offense level is increased by nine levels, § 2L1.1(b)(2)(C). | **+9** |
| 43. | **Victim Related Adjustment:** None | **0** |
| 44. | **Adjustment for Role in the Offense:** The defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive; therefore, three levels are added, § 3B1.1(b). | **+3** |
| 45. | **Adjustment for Obstruction of Justice:** None | **0** |
| 46. | **Adjusted Offense Level (Subtotal):** | **24** |
| 47. | **Multiple Count Adjustment:** Units are assigned pursuant to § 3D1.4(a), (b) and (c). One unit is assigned to the group with the highest offense level. One additional unit is assigned for each group that is equally serious or from 1 to 4 levels less serious. One-half unit is assigned to any group that is five to eight levels less serious than the highest offense level. Any groups that are nine or more levels less serious than the group with the highest offense level are disregarded. | |

14

# UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

RDC 03
33040
$0.

COLEM
JUL 25

**FROM:**

VASIL KHATIAS
REG NO. 80967-
FEDERAL CORRE
FCI COLEMAN
P.O. BOX 1027
COLEMAN, FL

**TO:**

CLERK OF C
U.S. DISTRICT
301 SIMONT
KEY WEST, F

id delivery date specified for domestic use.

ic shipments include $100 of insurance (restrictions apply).*

racking® service included for domestic and many international destinations.

international insurance.**

sed internationally, a customs declaration form is required.

loes not cover certain items. For details regarding claims exclusions see the
ail Manual at *http://pe.usps.com*.
ational Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

**T RATE ENVELOPE**
TE ■ ANY WEIGHT



USPS TRACKING #
014 9645 0625 7131 26

Label 400 Jan. 2013
7690-18-000-7948
4F July 2022
12 1/2 x 9 1/2



To schedule free Package Pickup,
scan the QR code.
USPS.COM/PICKUP